*138
The opinion of the Court was .delivered by

Mr. Justice ColcocTc.

The general rule on this subject is, that when the statute begins to run, it shall not be impeded in its operation by any disabilities. But to this, rule there are exceptions, some of Which are enumerated in the statute, and one or two which arise from a construction of the statute. There is certainly nothing in .the act itself which will authorize the court in sayr ing that its operation shall be suspended until administration granted; nor can this be brought within any reasonable or just construction of the act. Where, by positive enactment, one is prevented from suing or being sued, it is reasonable to say the operation of the statute shall be suspended; but where the fault lies with the party himself whose rights are affected, this reason does not operate. This court has decided that th'ii clause in the executor’s act which says, an action shall not be brought against the estate of a deceased person for nine months, is a suspension for that time of the statute; and so where, by the common law, an alien enemy is prevented from suing, the statute is suspended 'during the war; and so upon an equitable construction :of the statute of James, it has been held, that an oxecutor or administrator -may be permitted to renew a suit within a-year after the death of testator or intestate who had sued in his life time, even if the six years expire during that time; in all of which cases, it is clear the law only suspends the operation of the statute, where the party has been prevented from, or delayed in the prosecution of a suit. It was contended for the plaintiff, that there is an analogy between the case of the plaintiff and those cases which arise under the statute of 4 Anne, c. 1G., where a reasonable time is allowed to the plaintiff after the return of his debtor; but the analog}' furnishes an argument against the plaintiff; for in such cases he is required to sue as soon as he learns that the debtor is returned; and here it is clear that the plaintiff might have proceeded earlier than he did. He might have administered sooner, and he failed to sue for nine months and more after administration granted to him. But to what consequences might this lead? Administration might not be taken out for years, and thus claims kept alive contrary -fio the very policy of the statute, until all evidence of payment *139 b’e lost. I am not inclined to multiply the exceptions to the, statute; [ think'it has been very properly called a statute of repose, and that it is a good shield against.dishonest-claims. It occasionally a just debt is lost by its operation, it can only be by the inattention of those to whom it is due.
Hayne and Grimice, for motion.
Dunhin, contra.
•The motion is dismissed.
JYott, Gantt, Johnson, Richardson, Huger, Justices, concurred.